## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| MERLIN CRYER, Individually and on behalf of those Similarly Situated, | Case No. 5:20-cv-00556 |
| v. | |
| BARCO INDUSTRIES, LLC. | Collective Action |
| | Jury Trial Demanded |

## ORIGINAL COMPLAINT

### SUMMARY

1. Plaintiff Merlin Cryer (Cryer) worked for Defendant Barco Industries, LLC (Barco) as a pump specialist.

2. Cryer and other similarly situated oilfield employees were paid a salary with no overtime compensation when working more than 40 hours a week.

3. Barco's pay practices violate the Fair Labor Standards Act (FLSA) because it paid non-exempt employees a salary with no overtime.

4. Cryer brings this lawsuit to recover the unpaid overtime and other damages Barco owes to him and to the other oilfield employees like him.

### JURISDICTION & VENUE

5. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. Venue is proper under 28 U.S.C. § 1391 since a substantial part of the events giving rise to this claim occurred in this District and Division.

7. Cryer worked for Barco in Dimmit County, in this District and Division.

### PARTIES

8. Cryer was employed by Barco as a pump specialist from February 2018 to August 2018.

9. He regularly worked in excess of 40 hours a week without receiving overtime pay.

10. His written consent is attached as Exhibit A.

11. Cryer brings this action on behalf of himself and all other similarly situated salaried employees under the collective action provisions of the FLSA. *See* 29 U.S.C. §216(b). The FLSA Class was subjected to the same FLSA violations as Cryer and is properly defined as:

> **All salaried pump specialists and field supervisors employed by Barco Industries, LLC during the past 3 years (the "Putative Class Members").**

12. The members of the FLSA Class are easily ascertainable from Barco's business and personnel records.

13. Defendant **Barco Industries, LLC** is a Texas company doing business throughout the southern United States, including Texas.

14. Barco is covered by the FLSA and has been during the applicable statute of limitations. Barco is therefore obligated to pay its non-exempt employees overtime under the FLSA.

15. Barco may be served through its registered agent: **Mark Barten, at 3554 FM 109 Columbus, Texas 78934**.

## COVERAGE UNDER THE FLSA

16. At all relevant times, Barco was an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

17. At all relevant times, Barco was an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. §203(r).

18. At all relevant times, Barco was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because they had employees engaged in commerce or in the production of goods for commerce, or

employees handling, selling, or otherwise working on goods or materials – such as cell phones, oilfield equipment, walkie-talkies, and computers - that have been moved in or produced for commerce.

19. At all relevant times, Barco has had and has an annual gross volume of sales made or business done of not less than $500,000.00.

20. At all times hereinafter mentioned, Cryer and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

### FACTUAL ALLEGATIONS

21. Barco is an oilfield service company providing high pressure pumping.

22. To provide these services, it employs pump specialists and field supervisors.

23. Cryer was a pump specialist.

24. Cryer would perform manual labor work in the oilfield.

25. This included watching pumps, operating heavy machinery, moving oilfield equipment, and performing maintenance.

26. Barco's oilfield personnel perform routine activities which are largely governed by standardized plans and checklists created by Barco.

27. Barco's oilfield personnel perform manual labor and work long hours in harsh conditions.

28. Every element of a pump specialist and field supervisor's job was predetermined by Barco, including the schedule of their work and related work duties.

29. No advanced degree is required to become a pump specialist or field supervisor for Barco. In fact, Barco regularly hires oilfield workers who only have a high-school diploma.

30. Being a pump specialist or a field supervisor is not work requiring specialized academic training as a standard prerequisite.

31. To the extent these pump specialists or field supervisors make "decisions," the decisions do not require the exercise of independent discretion and judgment.

32. Instead, Barco's pump specialists and field supervisors apply well-established procedures.

33. When pump specialists and field supervisors perform oilfield services, they do so using established guidelines and predetermined parameters.

34. Pump specialists and field supervisors are not permitted to deviate from established guidelines and partners.

35. Pump specialists and field supervisors attended mandatory meetings and workshops which outlined their duties.

36. With these job duties, pump specialists and field supervisors are clearly **non-exempt** under the FLSA.

37. All of Barco's pump specialists and field supervisors work long hours in excess of 40 hours a week.

38. Pump specialists and field supervisors were required to regularly work 12 or more hours in a day, and more than 80 hours in a week.

39. The mandatory meetings extended these hours.

40. Pump specialists and field supervisors would work 14 days on and 7 days off.

41. Barco does not pay its pump specialists and field supervisors overtime for hours worked in excess of 40 in a workweek.

42. Instead, Barco pays pump specialists and field supervisors base salary.

43. Cryer and the Putative Class Members worked for Barco as pump specialists and field supervisors over the past three years throughout Texas.

44. Cryer worked for Barco in Carrizo Springs, Texas; Pecos, Texas; and Cotulla, Texas.

45. As a result of Barco's pay policies, Cryer and the Putative Class Members were denied the overtime pay required by federal law.

46. Barco keeps accurate records of the hours, or at least days, its pump specialists and field supervisors work.

47. It also keeps accurate records of the amount of pay pump specialists and field supervisors receive.

48. Despite knowing the FLSA's requirements and that its pump specialists and field supervisors regularly worked more than 40 hours in a workweek, Barco does not pay them overtime.

49. Barco has since changed its pay practice as it relates to its pump specialists and field supervisors.

## COLLECTIVE ACTION ALLEGATIONS

50. Cryer incorporates all previous paragraphs and alleges that the illegal pay practices Barco imposed on Cryer were likewise imposed on the Putative Class Members.

51. In addition to Cryer, Barco employed other oilfield personnel who worked over forty hours per week with no overtime pay, were paid a salary, and were classified – improperly – as exempt employees. These Putative Class Members performed the job duties described above and they were subjected to the same unlawful policies which constitutes a willful violation of the FLSA.

52. The Putative Class Members are all entitled to overtime after 40 hours in a week and the overtime they are entitled to must be calculated in a manner consistent with the requirements of the FLSA. Cryer and the Putative Class Members are similarly situated in all relevant respects.

53. Barco imposed a uniform practice or policy on Cryer and the Class Members regardless of any individualized factors.

54. Barco's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policy and/or practice which are not dependent on the personal circumstances of any Putative Class Members.

55. Cryer's experiences are typical of the experiences of all Putative Class Members.

56. Cryer has no interests contrary to, or in conflict with, the members of the Putative Class Members. Like each member of the proposed classes, Cryer has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

57. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

58. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## CAUSE OF ACTION
### Violation of the FLSA

59. Cryer incorporates the preceding paragraphs by reference.

60. As set forth herein, Barco violated the FLSA by failing to pay Cryer and the Putative Class Members overtime at one and one-half times the regular rate of pay under the hourly system, for hours worked in excess of 40 in a workweek. 29 U.S.C. § 207(a).

61. At all relevant times, Barco has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

62. Barco employed Cryer and each Putative Class Member.

63. Barco's pay policy denied Cryer and the Putative Class Members overtime compensation at the legal overtime rates required by the FLSA.

64. Barco owes Cryer and the Putative Class Members overtime wages equal to 1 and ½ their regular rates for each overtime hour worked during the last three years.

65. Barco knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA. Its failure to pay overtime to Cryer and the Putative Class Members is willful.

66. Due to Barco's FLSA violation, Cryer and the Putative Class Members are entitled to recover from Barco their unpaid overtime compensation, liquidated damages, reasonable attorney fees, costs, and expenses of this action.

67. The improper pay practices at issue were part of a continuing course of conduct, entitling Cryer and Putative Class Members to recover for all such violations, regardless of the date they occurred.

## JURY DEMAND

68. Cryer demands a trial by jury.

## PRAYER

WHEREFORE, Cryer prays for:

a. An order certifying this case as a collective action for the purposes of the FLSA claims under 29 U.S.C. Sec. 216(b);

b. An order finding Barco liable for violation of state and federal wage laws with respect to Cryer and all Putative Class Members covered by this case;

c. A judgment against Barco awarding Cryer and the Putative Class Members all their unpaid overtime compensation and an additional, equal amount, as liquidated damages and/or penalty damages;

d. An order awarding attorney fees, costs, and expenses;

e. Pre- and post-judgment interest at the highest applicable rates; and

f. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
   **Michael A. Josephson**
   Texas Bar No. 24014780
   **Andrew W. Dunlap**
   Texas Bar No. 24078444
   **Richard M. Schreiber**
   Texas Bar No. 24056278
   **JOSEPHSON DUNLAP, LLP**
   11 Greenway Plaza, Suite 3050
   Houston, Texas 77046
   713-352-1100 – Telephone
   713-352-3300 – Facsimile
   mjosephson@mybackwages.com
   adunlap@mybackwages.com
   rschreiber@mybackwages.com

   **AND**

   **Richard J. (Rex) Burch**
   Texas Bar No. 24001807
   **BRUCKNER BURCH, PLLC**
   8 Greenway Plaza, Suite 1500
   Houston, Texas 77046
   713-877-8788 – Telephone
   713-877-8065 – Facsimile
   rburch@brucknerburch.com

   **ATTORNEYS IN CHARGE FOR PLAINTIFF**